UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

DENISE KENDRICK, on behalf
of D.K.,

        Plaintiff,

v.                              Case No: 2:12-cv-523-FtM-29DNF

COMMISSIONER   OF   SOCIAL
SECURITY,

        Defendant.

_____

## OPINION AND ORDER

This matter is before the Court on consideration of Magistrate Judge Douglas N. Frazier's Report and Recommendation (Doc. #21), filed on February 11, 2014, recommending that the Commissioner's decision to deny social security benefits be affirmed. Plaintiff filed Objections to the Magistrate Judge's Report and Recommendation (Doc. #22) on February 19, 2014.

The Court reviews the Commissioner's decision to determine if it is supported by substantial evidence and based upon proper legal standards. Crawford v. Comm'r of Soc. Sec., 363 F.3d 1155, 1158 (11th Cir. 2004)(citing Lewis v. Callahan, 125 F.3d 1436, 1439 (11th Cir. 1997)). Substantial evidence is more than a scintilla but less than a preponderance, and is such relevant evidence as a reasonable person would accept as adequate to support a conclusion. Moore v. Barnhart, 405 F.3d 1208, 1211 (11th Cir. 2005)(citing Crawford, 363 F.3d at 1158-59). Even if the evidence preponderates against the Commissioner's findings, the Court must

affirm if the decision reached is supported by substantial evidence. Crawford, 363 F.3d at 1158-59 (citing Martin v. Sullivan, 894 F.2d 1520, 1529 (11th Cir. 1990)). The Court does not decide facts anew, make credibility judgments, reweigh the evidence, or substitute its judgment for that of the Commissioner. Moore, 405 F.3d at 1211 (citing Bloodsworth v. Heckler, 703 F.2d 1233, 1239 (11th Cir. 1983)); Dyer v. Barnhart, 395 F.3d 1206, 1210 (11th Cir. 2005)(citing Phillips v. Barnhart, 357 F.3d 1232, 1240 n.8 (11th Cir. 2004)). The Court reviews the Commissioner's conclusions of law under a de novo standard of review. Ingram v. Comm'r of Soc. Sec. Admin., 496 F.3d 1253, 1260 (11th Cir. 2007)(citing Martin, 894 F.2d at 1529). The magistrate judge, district judge, and appellate judges all apply the same legal standards to the review of the Commissioner's decision. Dyer, 395 F.3d at 1210; Shinn v. Comm'r of Soc. Sec., 391 F.3d 1276, 1282 (11th Cir. 2004); Phillips, 357 F.3d at 1240 n.8.

Plaintiff asserts that the magistrate judge erred in finding that the ALJ properly evaluated the medical assessments from Dr. Silver and Dr. Reback and in finding that substantial evidence supported the ALJ's decision. Plaintiff incorrectly states that the magistrate judge stated that the ALJ fully devoted a full page to a comprehensive discussion of D.K.'s ability to attend and complete tasks. (Doc. #22, p. 2.) What the magistrate judge actually stated, however, was that "[t]he Commissioner argues that . . . the ALJ in fact devoted a full page to a comprehensive

discussion of D.K's symptoms . . . ." (Doc. #21, p. 12.) After citing to the legal standard, the magistrate judge began his own analysis of the ALJ's decision. (Doc. #21, pp. 12-14.) As the magistrate judge found, the ALJ properly evaluated the medical assessments of both non-treating physicians and the Decision is supported by substantial evidence. After an independent review, the Court agrees with the findings and recommendations in the Report and Recommendation.

Accordingly, it is now

**ORDERED:**

1.  The Report and Recommendation (Doc. #21) is **accepted and adopted** by the Court.

2.  The Decision of the Commissioner of Social Security is **affirmed**.

3.  The Clerk of the Court shall enter judgment accordingly and close the file.

**DONE and ORDERED** at Fort Myers, Florida, this ___10th___ day of March, 2014.

JOHN E. STEELE
UNITED STATES DISTRICT JUDGE

Copies:
Hon. Douglas N. Frazier
U.S. Magistrate Judge

Counsel of Record